IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TYRONE LEE OWENS, | : |
| Plaintiff, | : |
| VS. | : 1:14-CV-001 (WLS) |
| CO II CARL HART, *et al.,* | : |
| Defendants. | : |

**RECOMMENDATION**

Plaintiff, proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on January 2, 2014. (Doc. 1). Presently pending in this action are Plaintiff's Motion for Summary Judgment (Doc. 72), and Defendants' Motion for Summary Judgment. (Doc. 73).

**I. Procedural Background**

Defendants filed a Motion to Dismiss Plaintiff's Complaint on June 17, 2014. (Doc. 22). On December 8, 2014, the district judge adopted the undersigned's recommendation to deny Defendants' Motion to Dismiss. (Doc. 44).

Plaintiff filed a Motion for Summary Judgment on May 26, 2015. (Doc. 72). Defendants filed their response to Plaintiff's Motion for Summary Judgment on June 10, 2015, and Plaintiff filed an untimely Reply on August 10, 2015. (Docs. 79, 87).

Defendants filed their Motion for Summary Judgment on June 8, 2015. (Doc. 73). On June 10, 2015, the clerk of court notified Plaintiff of Defendants' Motion for Summary Judgment and advised Plaintiff of his obligations under the law. (Doc. 78). Plaintiff filed his Response to Defendants' Motion for Summary Judgment on June 29, 2015. (Doc. 81). Defendants filed a Reply on July 9, 2015, and Plaintiff filed a Surreply without permission from the Court on July

20, 2015. (Docs. 85, 86). Defendants filed a Notice of Supplemental Authority on October 16, 2015. (Doc. 88).

*Plaintiff's Surreply (Doc. 86)*

Pursuant to Local Rule 7.3.1, briefing of a motion concludes when the movant files a reply brief. Surreply briefs are not favored. Plaintiff did not follow the procedure outlined in Local Rule 7.3.1(C), which requires a party to move for permission to file a surreply brief. "A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists, such as where the [defendant] raises new arguments in its reply brief." *First Specialty Ins. Co. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (internal quotations omitted).

Accordingly, the Court will consider Plaintiff's Surreply, filed without permission from the Court (Doc. 86), only to the extent his Surreply addresses any new arguments raised by Defendants in their Reply Brief.

## II. Plaintiff's Allegations

In his Complaint, Plaintiff alleges that around 9:45 a.m. on July 3, 2012, Defendants, employees at Autry State Prison (ASP), assaulted Plaintiff with closed fists on his face and body while Plaintiff was in handcuffs. (Doc. 1, p. 4). Plaintiff asserts that he suffered a "busted lip and nose and also injuries to my head (knot 'perminant' [sic])[.]" *Id.* According to the Complaint, after Defendants assaulted Plaintiff, Defendant Hart retrieved a shank from a desk in the Correctional Emergency Response Team (CERT) Office, and planted said shank on Plaintiff's person to justify the alleged attack. *Id.*

## III. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant

2

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Cruz v. Publix Super Markets*, 428 F.3d 1379, 1382 (11th Cir. 2005).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact." *Brown v. Houser*, 2015 WL 5228005, at *11 (N.D. Ala. Sept. 4, 2015). Once the movant meets its burden, the non-movant must designate specific facts showing a genuine issue of material fact. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed R. Civ. P. 56(e)(3). "The mere existence of *some* alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986) (emphasis in original)).

## IV. Evidence

In asserting that he is entitled to summary judgment, Plaintiff refers to documents filed on March 20, 2015. (Doc. 64). Defendants responded by asserting that Plaintiff failed to abide by Local Rule 56, and that Plaintiff's Motion fails because Defendants are entitled to summary judgment. (Doc. 79).

In asserting they are entitled to summary judgment, Defendants submit Plaintiff's deposition, Defendants' responses to Plaintiff's interrogatories, the affidavits of Defendant Hart and Jackie Strickland, and a video recording. (Docs. 73-3—73-6; 75; 77). In response to Defendants' Motion, Plaintiff provides a "declaration", various case related documents, documents from the Georgia Department of Corrections, Defendants' responses to Plaintiff's requests for admission and interrogatories, and two letters. (Docs. 81-2—81-16). Rule 56 of the Federal Rules of Civil Procedure allows the Court to consider the entire record when ruling on a motion for summary judgment. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Plaintiff was housed at Autry State Prison on July 3, 2012. (Doc. 73-3, Plaintiff's Depo., p. 20). Plaintiff testified that on July 3, 2012, a Lieutenant Peterson stopped Plaintiff while Plaintiff returned to his dorm. *Id.* at p. 31. Plaintiff testified that Lieutenant Peterson conducted a frisk search, but "nothing was on [Plaintiff] once again." *Id.* at p. 32.

According to Plaintiff's deposition testimony, Defendants Hart and Jackson then

4

approached Plaintiff, and told Plaintiff to put his hands on a fence. *Id.* at p. 33. Defendants Hart and Jackson then took Plaintiff's belt and handcuffed him. *Id.* Defendants escorted Plaintiff to the east side of the gym, and upon entry into the gym, Defendant Jackson punched Plaintiff in the back of the head. *Id.* at pp. 35, 38. Defendants then moved Plaintiff to the CERT office and both Defendants "assaulted" Plaintiff with closed fists. *Id.* at pp. 39-40. Plaintiff has a permanent knot from Defendant Jackson on the left side of his forehead. *Id.* At some point the handcuffs were removed, and Defendant Hart hit Plaintiff in the stomach and the lip. *Id.* at p. 40.

Plaintiff maintains that Defendant Hart retrieved something that "looked like an ice pick" from a desk drawer in the CERT office. *Id.* at p. 44. Plaintiff testified that Defendant Hart gave Defendant Jackson the shank, Defendants beat Plaintiff again, and Defendants then "called a code." *Id.* at p. 47.

Defendants assert in their affidavit and interrogatory responses that they used force against Plaintiff because they received information of gang activity at the prison, and Plaintiff was subsequently found with a homemade weapon in his waistband. (Doc. 73-5, Hart Aff., ¶¶ 5-6; Doc. 75-4, Def. Interr. Resp., pp. 5-6). Defendant Hart submits that Plaintiff struck Defendant Hart with the shank, and Defendant Hart then used force to "take him to the ground. But inmate Owens remained combative even after being placed on the ground." (Doc. 73-5, Hart Aff., ¶¶ 7-8). Defendant Hart submits that Plaintiff was placed in hand and leg restraints, but that no other force was used other than the "force that was required to defend against his assault on [Defendant Hart] with the shank and to restrain and gain control over him." *Id.* at ¶¶ 8-9.

Medical records related to the incident show that Plaintiff sustained a three centimeter hematoma to the frontal cranium, a five centimeter occipital hematoma cranium, and a deviation to his nose, scapula abrasion, and hematoma to his bottom lip. (Doc. 73-5, Hart Aff., p. 20; Doc.

5

73-3, Plaintiff Depo., p. 121). The nurse reported "numerous hematomas, significant swelling, minimal bleeding and controlled." *Id.* In his deposition, Plaintiff testified that "[a]t the end of the day, I had a busted lip, busted nose, big knot on my head, big knot in the back of my head, abrasions, all type of boot prints all on my – my back, all type of stuff." (Doc. 73-3; Plaintiff Depo., p. 42). Plaintiff testified that he has a permanent knot on the left of his forehead. *Id.* at p. 39. Plaintiff suffered scrapes and abrasions, no teeth were knocked out, and no stitches were required. *Id.* at pp. 57-59. Plaintiff did not require any follow-up medical care. *Id.* at p. 59. After the incident, Plaintiff received periodic mental health checks and did not voice any medical concerns or complaints. *Id.* at pp. 71-72.

Plaintiff received a disciplinary report as a result of the incident on July 3, 2012. (Doc. 73-5, Hart Aff., ¶¶ 17-18). After a disciplinary hearing, Plaintiff received a sanction of fourteen days in isolation. *Id.* at ¶¶ 18. Plaintiff did not appeal the hearing results. *Id.*

### V. Discussion

*(A) Plaintiff's Motion for Summary Judgment (Doc. 72)*

Plaintiff filed a Motion for Summary Judgment. (Doc. 72). Defendants filed a Response, and Plaintiff filed an untimely Reply. (Docs. 79, 87). In their Response, Defendants contend that Plaintiff's Motion for Summary Judgment should be denied because he did not abide by the requirements of Local Rule 56, and because Defendants are entitled to summary judgment. (Doc. 79). As explained in Part V(B) below, Defendants are not entitled to summary judgment.

Defendants are correct that Plaintiff did not follow the procedure outlined in in Local Rule 56, as he failed to "attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." Furthermore, when viewing the facts in the light most favorable to Defendants, Plaintiff has not shown that there is an

absence of a genuine dispute as to any material fact with regard to Defendants' alleged excessive use of force.

The core judicial inquiry in an Eighth Amendment excessive force case is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Courts must consider the following factors to determine whether the force was applied maliciously and sadistically to cause harm: "a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat of safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response." *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009).

The record shows that Plaintiff and Defendants dispute what transpired during the event in question, offering differing narratives of the July 3, 2012 incident. This case presents "two competing contradictory stories of what happened," and the Court cannot "improperly weigh[] the witnesses' credibility by favoring [the defendant's] account over [the plaintiff's]." *Hall v. Bennett*, 447 F. App'x 921, 924 (11th Cir. 2011). This presents a credibility determination meant for a trier of fact.

The undersigned therefore RECOMMENDS that Plaintiff's Motion for Summary Judgment (Doc. 72) be **DENIED**.

*(B) Defendants' Motion for Summary Judgment (Doc. 73)*

Defendants maintain they are entitled to summary judgment on the grounds that (1) Plaintiff's recovery is barred by § 1997e(e) of the Prison Litigation Reform Act (PLRA) because Plaintiff did not suffer more than a *de minimis* injury, and (2) Plaintiff failed to exhaust his administrative remedies. (Doc. 73-2). In their Notice of Supplemental Authority, Defendants

withdraw their argument as to nominal damages, but maintain that Plaintiff's claims for compensatory and punitive damages are barred under the PLRA. (Doc. 88).

**1. Plaintiff's Injury**

Under the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). The Eleventh Circuit held in *Al-Amin v. Smith*, that "punitive damages are precluded under the PLRA in the absence of physical injury." 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiff failed to meet § 1997e(e)'s physical injury requirement. Moreover, at least one published opinion has affirmatively stated that, according to the law of our Circuit, the PLRA precludes the recovery of punitive damages in the absence of physical injury.") (internal citations omitted).

Recently, in *Brooks v. Warden*, the Eleventh Circuit held the following:

> an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering *nominal* damages for a constitutional violation without a showing of physical injury.

800 F.3d 1295, 1307-08 (11th Cir. 2015) (internal citations omitted).

Plaintiff explicitly seeks compensatory and punitive damages in his Complaint. (Doc. 1, p. 5; Docs. 25, 27). Defendants assert that Plaintiff did not suffer more than a *de minimis* injury, and is thereby precluded from recovering compensatory or punitive damages, and that any

recovery should be limited to nominal damages.[1] (Docs. 73-2, 88).

Plaintiff claims he has suffered a physical injury, mental injury, and a dramatic change in his health. (Docs. 1; 25; 27; 81-1, p. 17). As Plaintiff is not exclusively seeking damages for mental or emotional harm, dismissal is not required under 1997e(e). Plaintiff is not barred from recovering compensatory or punitive damages for his actual physical injuries. *Hart v. Bell*, 2011 WL 1584601, at *6 (M.D. Tn. Apr. 27, 2011) *report and recommendation adopted sub nom. Hart v. McCall*, No. CIV. 3:10-0520, 2011 WL 2078084 (M.D. Tenn. May 26, 2011) ("Furthermore, the Plaintiff has not merely requested damages for emotional or mental injury. He has requested compensatory damages for his actual physical injuries and has also requested punitive damages. Section 1997e(e) does not prevent recovery of these remedies."); *Nix v. Carter*, 2013 WL 432566, at *2 M.D. Ga. Feb. 1, 2013) ("Plaintiff is also seeking damages for the *actual* physical injuries he received from the alleged excessive use of force. This Court can find no authority limiting a prisoner's damages for the *actual* physical injury he may have suffered, even if the injury was *de minimis*."); *Pames v. Pierce*, 2014 WL 4773999, at *4 (S.D. Ohio Sept. 24, 2014) ("Here, plaintiff does not allege only mental and emotional injury. To the contrary, plaintiff alleges in the complaint that he also suffered physical injury as a result of the alleged use of excessive force by defendant. Moreover, plaintiff seeks damages for pain and suffering in addition to emotional distress. Accordingly, because plaintiff's civil action is not limited to allegations of emotional or mental injury, dismissal of plaintiff's civil action pursuant to 42 U.S.C. § 1997e(e) is not warranted.").

As to Plaintiff's claim for compensatory and punitive damages resulting from emotional

---

[1] Defendants argue only that Plaintiff is barred from recovery under § 1997e(e). Defendants do not assert that summary judgment should be awarded to them pursuant to the Eighth Amendment use of force standard, as discussed in Part V(A) of this Recommendation.

9

or mental harm, genuine issues of material fact remain as to the extent of Plaintiff's injuries. The Court acknowledges that Plaintiff's injuries were not severe, but the Court cannot determine as a matter of law that Plaintiff's injuries were *de minimis*. *See Nix v. Carter*, No. 5:10-CV-256, Doc. 97 (where the district judge held in deciding a motion in limine that he could not find that the plaintiff's red, swollen, and bruised face that lasted for three days was *de minimis* as a matter of law, and thus the PLRA did not limit the damages the plaintiff could seek at trial).

Defendants cite to several cases in support of their contention that Plaintiff is barred from recovering punitive and compensatory damages under § 1997e(e) for his mental and emotional injury. *See Quinlan v. Personal Transport Serv. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (the plaintiff's claims for compensatory and punitive damages did not surmount section 1997e's bar when the plaintiff complained of temporary chest pain, headache, difficulty breathing and periodic episodes of back pain, because those complaints were not more than *de minimis*, as they did not require immediate medical attention or evidence physical injury besides discomfort); *Jeter v. Sample*, 2015 WL 874801, at *5 (N.D. Ohio Feb. 27, 2015) ("A 'slightly swollen' lip that has a cut with 'scant bleeding,' no evidence of pain, and no evidence that medical attention is required is no more than a *de minimis* injury . . . Accordingly, even if Jeter could show that he suffered a physical injury caused by Sample's actions, his physical injury was no more than *de minimis* and he is not entitled to recover for his alleged mental or emotional injury."); *Parker v. DuBose*, 2013 WL 4735173, at *2 (N.D. Fla. Sept. 3, 2013) (the plaintiff could not recover compensatory or punitive damages based on the mental and emotional injury the plaintiff suffered as a result of the alleged excessive force, as "Plaintiff's alleged black eye, bloody lip, scrapes, abrasions and 'backpains' do not amount to more than *de minimis* physical injury and are not sufficient to meet the physical injury requirement of § 1997e(e) . . . As defendants note,

the *de minimis* nature of plaintiff's injury is further demonstrated by the fact that plaintiff himself has made the determination to forgo treatment (ibuprofen) for his alleged back pain because the $5.00 medical co-pay exceeds what he is willing to 'pay[.]'"). [2]

Viewing the facts and all reasonable inferences therefrom in the light most favorable to Plaintiff, the Court cannot find that Plaintiff suffered only a *de minimis* physical injury. Defendants also cite to *Johnson v. Breeden,* where the Eleventh Circuit held that a head injury causing swelling and seizure, along with lacerations and contusions to the face, shoulders, and upper back was more than a *de minimis* injury. 280 F.3d 1308, 1312, 1321 (11th Cir. 2002). Plaintiff's medical records show that Plaintiff suffered a three centimeter hematoma to the frontal cranium, a five centimeter occipital hematoma cranium, and a scapula abrasion, and hematoma to his bottom lip. (Doc. 73-5, Hart Aff., p. 20; Doc. 73-3, Plaintiff Depo., p. 121). A nurse reported "numerous hematomas, significant swelling, minimal bleeding and controlled [sic]." *Id.* Plaintiff testified he suffered scrapes and abrasions. (Doc. 73-3, Plaintiff Depo., pp. 57-59). However, Plaintiff testified that no teeth were knocked out, no stitches were required, he did not require any follow-up medical care, and after the alleged incident, Plaintiff received periodic mental health checks and did not voice any medical concerns or complaints. (Doc. 73-3, Plaintiff Depo., pp. 57-59, 71-72).

---

[2] *See also Mann v. McNeil*, 360 F. App'x 31, 31 (11th Cir. 2010) ("Here, under our case law, the injuries Mann complains of—including the vague injuries to his back, the scrapes and marks on his knees and legs, the lack of personal items, the lapse of time in reordering medication, the window-cleaning assignment, and the discontinuance of his pass for showers twice a day—amount to *de minimis* physical injuries."); *Luong v. Hatt*, 979 F. Supp. 481, 485-86 (N.D. Tx. 1997) (holding that a bleeding tongue and injured shoulder which lasted a couple of days, minor abrasions, a contusion with slight swelling of the jaw, swollen wrists which lasted two or three days, and scratches on his face or nose were *de minimis*); *McCall v. Crosthwait*, 336 F. App'x 871, 873 (11th Cir. 2009) (the injuries were *de minimis* when the Plaintiff was diagnosed with a bruise on his right elbow and shoulder and received ibuprofen, and nothing in the record indicated an old fracture or bulging disc were caused by the jail incident); *Green v. Nopen*, 2010 WL 942233, at *3 (M.D. Ga. Feb. 3, 2010) ("[T]he only injury caused thereby was a swollen lip. A swollen lip is *de minimus*."); *Smith v. City of Moultrie*, 2007 WL 2684983, at *5 (M.D. Ga. Sept. 7, 2007) ("Plaintiff's allegations of bruising are, at most, *de minimis*. Thus, Plaintiff has failed to prove a physical injury to support his allegation of excessive force.").

As in *Nix,* the Court finds this to be a "close case," but cannot determine that Plaintiff's injuries are *de minimis* as a matter of law. *See* No. 5:10-CV-256, Doc. 97, p. 3; *see also Hudson v. McMillian*, 503 U.S. 1, 10 (1992) ("Yet the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes."); *Smith v. Vavoulis*, 373 F. App'x 965, 967 (11th Cir. 2010) (explaining that the objective component of the excessive force inquiry was a "closer question" but ultimately holding that burning from mace, bruises, a deep cut on his wrist, swelling, knots on his head, and bleeding from the mouth, all of which healed without any medical treatment, were similar to the injuries alleged in *Hudson*, and therefore were not *de minimis* for Eighth Amendment purposes); *Knighten v. Stanton*, No. CA 12-0717-WS-C, 2014 WL 1331026, at *7 (S.D. Ala. Mar. 31, 2014) (adopting the magistrate judge's recommendation that the injuries suffered by the plaintiff, "(bruises, swelling of numerous parts of the body, production of pain on range of motion testing, and a temporary inability to hear out of the left ear) are similar to the ones described in *Hudson* and *Smith* and, therefore, are not *de minimis*.").

While Plaintiff did not require follow-up medical care and primarily suffered scrapes and abrasions, a nurse reported <u>significant</u> swelling and Plaintiff testified that he has a <u>permanent</u> knot on his head as a result of the incident. *See Evans v. Alameida,* 2006 WL 618298, at *11 (E.D. Cal. March 10, 2006) (finding that injuries consisting of a scrape that took a month to heal and left a scar could not be determined to be *de minimis* as a matter of law on summary judgment).

Given that Plaintiff's Complaint cannot be construed as seeking recovery for only mental or emotional injury, and viewing the evidence in the light most favorable to Plaintiff, Defendants failed to meet their burden. Plaintiff is not barred under § 1997e(e) for recovering for the actual

injuries he suffered, and the Court declines to find at the summary judgment stage that Plaintiff's injuries were *de minimis*, which would prevent him from recovering for compensatory and punitive damages arising out of the mental and emotional harm he may have suffered.[3]

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be **DENIED** as to Defendants' argument that Plaintiff's recovery is barred by § 1997e(e).

## 2. Exhaustion of Administrative Remedies

Defendants also assert that Plaintiff's lawsuit is barred because Plaintiff did not exhaust all of his administrative remedies. (Doc. 73-2, p. 13). Defendants argue that because Plaintiff did not appeal the results of his disciplinary hearing, Plaintiff failed to exhaust his administrative remedies. (Doc. 73-2, p. 14).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). Exhaustion is required to "allow[ ] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

It is true that under certain circumstances a disciplinary action is an administrative remedy

---

[3] Plaintiff's Complaint can also be liberally construed to include a request for nominal damages arising out of the alleged constitutional violation. *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009) (holding that the district court erred when it did not consider whether the plaintiff's *pro se* complaint should have been liberally construed to request nominal damages, especially in light of the plaintiff's request for both monetary and injunctive relief). Thus, even if Defendants' Motion for Summary judgment was granted as to Plaintiff's claims for compensatory and punitive damages arising out of his mental and emotional injury, his claim for nominal damages would remain. *Brooks,* 800 F.3d at 1307-08.

which must be exhausted before suit can be brought in federal court. For example, in *Metcalf v. Brady*, the district court dismissed the plaintiff's due process claims, as they related to his disciplinary sanctions, because the plaintiff did not appeal the disciplinary hearing findings. 2008 WL 5119159, at *1 (E.D. Wash. Dec. 3, 2008); s*ee also Williams v. Cooney*, 2004 WL 434600, at *3 (S.D.N.Y. March 8, 2004) ("Plaintiff's original complaint . . . was stamped by this Court's Pro Se Office on March 2, 2001. This date constitutes the commencement of this action. The disciplinary hearing decision was affirmed on April 13, 2001. Therefore, Plaintiff's claim against Totten [for an unfair and biased disciplinary hearing] was not exhausted at the time he filed suit and must be dismissed pursuant to [the] exhaustion requirement of the PLRA."); *Richardson v. Hillman*, 201 F. Supp. 2d 222, 229 (S.D.N.Y. 2002) ("Although this duration may rise to an unconstitutional level, Plaintiff has not appealed, and thus has not administratively exhausted the issuance of alleged 'atypical and significant hardship' penalties."); *Garret v. Guy*, 2014 WL 4662281, at *2 (E.D. Ark. Sept. 16, 2014) ("By refusing to attend her disciplinary hearing or file any subsequent appeals of the verdict, Garrett deprived ADC officials of the opportunity to investigate and resolve the due process claim she is now raising against Noles in this § 1983 action.").

Here, Plaintiff was found guilty of the following charges at his disciplinary hearing: high insubordination, great possession of a weapon and high verbal gesture, and threatening. (Doc. 73-3, Plaintiff Depo., pp. 85-88, 158-59). Plaintiff was found not guilty of "great conspire, plan a disturbance or strike," and great injury to employee. *Id.* Plaintiff was sanctioned, and received fourteen days in isolation. *Id.* Plaintiff did not appeal the sanction. *Id.* However, Plaintiff does not appear to be challenging the findings made, punishment imposed, or due process afforded to him at the disciplinary hearing in the instant Complaint. Plaintiff is instead claiming that

14

Defendants used excessive force against him in violation of his Eighth Amendment rights. (Doc. 1).

Defendants' argument cannot prevail. Plaintiff is required to exhaust his complaint that excessive force was used against him, not Defendants' punishment of him because he allegedly violated a prison rule. The two are not interdependent. That is, Plaintiff may have violated certain prison rules, but that does not require a finding that excessive force was not used. Noticeably absent from Defendants' Motion for Summary Judgment is any argument or evidence that Plaintiff did not exhaust his complaint that Defendants used excessive force against him.[4]

## VI. Conclusion

The undersigned hereby RECOMMENDS that Defendants' Motion for Summary Judgment (Doc. 73) be **DENIED**, as Plaintiff is not barred from recovery under §§ 1997e(e) or 1997e(a) of the PLRA. The undersigned also RECOMMENDS that Plaintiff's Motion for Summary Judgment (Doc. 72) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the district judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to

---

[4] Defendants have not argued that Plaintiff failed to properly exhaust his administrative remedies in terms of the grievance procedure afforded to inmates, and Plaintiff maintains that he exhausted the grievance procedure. (Doc. 81-1). Defendants bear the burden of showing that Plaintiff did not exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that exhaustion under the PLRA is an affirmative defense).

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED,** this 18th day of December, 2015.

                                       s/ *THOMAS Q. LANGSTAFF*
                                       **UNITED STATES MAGISTRATE JUDGE**