IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TYRONE LEE OWENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CV-1 (WLS) |
| | : | |
| CO II CARL HART and JAMES JACKSON, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court is a December 18, 2015 Recommendation by United States Magistrate Judge Thomas Q. Langstaff (Doc. 90). Judge Langstaff recommends that Plaintiff Owens' Motion for Summary Judgment (Doc. 72) and Defendants' Motion for Summary Judgment (Doc. 73) be denied.

## PROCEDURAL BACKGROUND

Judge Langstaff notified the Parties that they could file written objections to his Recommendation within fourteen days. (Doc. 90 at 15.) The Defendants requested an extension of time to file their objections, which Judge Langstaff granted, and they timely filed their objections on January 14, 2016. (Docs. 91, 92, 97.) On January 6, 2016, Owens filed a surreply to Defendants' reply regarding their Motion for Summary Judgement. Because this surreply was filed without leave from the Court and after Judge Langstaff issued his Recommendation, the Court hereby **STRIKES** it. (Doc. 93.) On January 13, 2016, Owens filed untimely objections to Judge Langstaff's Recommendation. (Doc. 96.) Unlike the Defendants, Owens did not request an extension of time to file his objections. However, Owens' explained in a letter attached to his objections that he did not receive the Recommendation until January 6, 2016. (Doc. 96-1.) As the postmark reflects, Owens mailed his objections the next day. (Doc. 96-3.) The Court will therefore consider Owens' untimely objections. Finally, on January 25,

1

2016, Owens filed a response to the Defendants' objections without leave from the Court. (Doc. 101.) The Court **STRIKES** this filing because responses to objections are not allowed under 28 U.S.C. 636(b)(1) or the Local Rules and because Owens did not seek leave from the Court to file such.

## DISCUSSION

As to Owens' Motion for Summary Judgment, the Court adopts Judge Langstaff's findings that genuine issues of material fact remain as to whether the events that occurred on July 3, 2012 happened as alleged and whether Defendants are liable for violating Owens' Eighth Amendment rights. (Doc. 90 at 6-7.) Only a trier of fact should determine which of the two versions of the events at issue is the more credible one. *See Hall v. Bennett*, 447 F. App'x 921, 924 (11th Cir. 2011). For that reason, the Court agrees with Judge Langstaff's Recommendation that Owens' Motion for Summary Judgment (Doc. 72) be denied. Next, the Court will address in turn each of the arguments raised in Defendants' Motion for Summary Judgment (Doc. 73) and objections (Doc. 97).

**I.     Owens' Exhaustion of Administrative Remedies**

Defendants argue that they are entitled to judgment as a matter of law because Owens failed to exhaust all administrative remedies available to him. (Doc. 73-2 at 13.) The Prison Litigation Reform Act (PLRA) reads, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

After a disciplinary hearing following the events alleged in Owens' complaint, Owens was found guilty of three disciplinary charges and sanctioned with fourteen days in isolation. (Doc. 97 at 13.) Defendants argue that Owens did not appeal the disciplinary hearing findings and therefore did not exhaust his administrative remedies. As Judge Langstaff noted, Owens is not challenging through this lawsuit the disciplinary hearing findings, the due process afforded him in the disciplinary proceedings, or the sanction imposed. (Doc. 90 at 14.) Rather, Owens seeks relief for the injuries he claims he suffered at the hands of the Defendants. Indeed, the disciplinary appeals process could not have afforded Owens any relief for

the injuries he suffered. The Eleventh Circuit has held, citing Tenth Circuit precedent, that the term "available" as used in PLRA's exhaustion requirement "means that inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004)). Defendants point to no evidence that any form of relief for Owens' injuries was available to him through the disciplinary process. The Court finds that the disciplinary process and the exhaustion of Owens' injury claim are not interdependent. While a prison grievance process and Owens' injury claim would be interdependent to the extent that exhaustion of the grievance process would be required, Defendants have not argued that Owens failed to exhaust such a grievance process. *Id.* at 1156. (Doc. 90 at 15 n. 4.) Therefore, as to Defendants' argument that Owens' lawsuit is barred under 42 U.S.C. § 1997e(a), the Court adopts Judge Langstaff's recommendation and finds that Defendants have not proven that Owens' lawsuit is barred for failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that exhaustion under the PLRA is an affirmative defense).

**II.   Owens' Claim for Compensatory and Punitive Damages Arising from Physical Injury**

The PLRA also bars lawsuits brought by prisoners "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Defendants argue that because Owens has not demonstrated that he suffered more than a *de minimis* physical injury, he is barred from seeking money damages altogether.

In support of their objections, Defendants cite two Eleventh Circuit cases involving prisoners' claims for First Amendment injuries. (Doc. 97 at 6 (citing *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007), *abrogated on other grounds*, *Sossamon v. Texas*, 563 U.S. 277 (2011)).) In *Al-Amin* and *Smith v. Allen*, the prisoner plaintiffs did not allege *any* physical, mental, or emotional injury. In both cases, the court held that the plaintiffs could not seek punitive damages in the absence of physical injury. *Al-Amin*, 637 F.3d at 1199; *Smith*, 502 F.3d at 1271. Further, in *Al-Amin*, the court's holding encompassed both compensatory and punitive damages. 637 F.3d at 1198.

3

In *Harris v. Garner*, the Eleventh Circuit held § 1997e(e) bars prisoner lawsuits where no significant physical injury can be proven. 190 F.3d 1279, 1286-87 (11th Cir. 1999), *rehearing granted, opinion vacated* 197 F.3d 1059, *opinion reinstated in part on rehearing* 216 F.3d 970, *certiorari denied* 532 U.S. 1065.[1] The court went on to hold that "in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant" and concluded that the physical injury alleged by the plaintiff –being forced to "dry shave" –was "simply not the kind of 'injury' that is cognizable under section 1997e(e)." *Id.*; *see also Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) ("Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury.").

*Harris, Al-Amin*, *Smith*, and *Brooks* all involve § 1983 actions in which prisoners did not allege physical injuries. This case is distinguishable because Owens has alleged and produced evidence of physical injury, though the question of whether that injury was *de minimis* remains unanswered at this point. This case is like *Nix v. Carter*, where this Court found "no authority limiting a prisoner's damages for the *actual* physical injury he may have suffered, even if the court determines the injury was *de minimis*" because § 1997e(e) "only bars recovery for mental or emotional injury." No. 5:10-cv-256-CAR, 2013 WL 432566 at *2 (M.D. Ga. Feb. 1, 2013). The Court is unpersuaded that the cases cited by Defendants, in which the plaintiffs alleged and proved *no* physical injury at all, hold that the plain language limiting § 1997e(e)'s applicability to claims for "mental or emotional injury" in fact encompasses claims for physical injury, too. *See Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (holding that the application of § 1997e(e) is predicated on the allegation of emotional injuries *only* and suggesting that where physical injuries are also alleged, and later proven, § 1997e(e) is untriggered). The Court therefore finds that Owens' compensatory and punitive damages claims for physical injury are not barred by § 1997e(e) even if his physical injury was *de minimis*. For the reasons stated above with regard to Owens' Motion for Summary Judgment, the Court finds that a genuine issue of material fact exists as to whether Owens is entitled to damages for the physical injuries he suffered and therefore adopts Judge Langstaff's Rec-

---

[1] The Court notes that the portions of *Harris v. Garner*, 190 F.3d 1279 (11th Cir. 1999), cited herein were reinstated by the Eleventh Circuit. *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir. 2000) (en banc).

ommendation as to Defendants' Motion for Summary Judgment on Owens' compensatory and punitive damages claims for physical injury.

**III.   Owens' Claim for Compensatory and Punitive Damages Arising from Mental and Emotional Injury**

As the Court has already discussed, § 1997e(e) of the PLRA *does* bar prisoners from recovering compensatory and punitive damages for mental and emotional injury where no physical injury has been shown. *Al-Amin*, 637 F.3d at 1198-99; *Smith*, 502 F.3d at 1271. The Eleventh Circuit has held that physical injuries supporting mental and emotional injury claims must be more than *de minimis*. *Brooks*, 800 F.3d at 1307.  Defendants argued in their Motion for Summary Judgment and objections that Owens' mental and emotional injury claims are barred as a matter of law because he has not shown that he suffered greater than *de minimis* physical injuries. (Docs. 73-2 at 7-9; 97 at 7.) In his Recommendation, Judge Langstaff declined to determine as a matter of law that Owens' physical injuries are *de minimis* and recommended that Owens' claims for mental and emotional injury be allowed to proceed to trial. (Doc. 90 at 10-11.)

Owens' medical records show that he suffered a three centimeter hematoma to the frontal cranium, a five centimeter occipital hematoma, a scapula abrasion, and a hematoma to his bottom lip. (Doc. 90 at 11 (citing to the record).) A nurse reported, "numerous hematomas, significant swelling, minimal bleeding . . . ." (*Id.*) And Owens testified during his deposition that he suffered scrapes and abrasions and has a permanent knot on his head but that no teeth were knocked out and no stiches or follow-up medical care were required. (*Id.* at 11-12.)

In support of their argument that Owens has failed to establish greater than *de minimis* physical injury, Defendants cite a number of cases involving a variety of physical injuries, none of which are perfectly analogous to the case at hand. (Doc. 97 at 7-11.) Defendants also emphasize that Owens presented no evidence of lasting injury. (Doc. 97 at 9.) Indeed, this Court has relied on a Northern District of Texas case, *Luong v. Hatt*, that describes more than *de minimis* injuries as the type for which ordinary people would seek professional medical care as opposed to treating at home. *Johnson v. Georgia*, No. 6:06-cv-49-WLS, 2007 WL

5

601619 at *3 (M.D. Ga. Feb. 16, 2007) (holding that a more than *de minimis* injury "is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks") (quoting *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D. Tex. 1997)). However, Owens testified in his deposition that he suffered a permanent knot on his head as a result of the blows he suffered during the alleged incident. (Doc. 73-3 at 39, 42.) Defendants have offered no evidence to rebut this testimony and argue, "[T]he cases discussed in the text do not support a finding that, based on the presence of this alleged 'knot,' Plaintiff's injuries are more than *de minimis*." (Doc. 97 at 12 n.3.) The Court finds that an ordinary person would likely seek professional medical attention for a knot that endures for a number of weeks, months, and even years. A jury could find that such an injury, if proven, is more than *de minimis*. The Court also notes that this case does not involve a single scratch or abrasion, but numerous abrasions and hematomas. Cumulatively, Owens' injuries may also support a finding that he suffered more than a *de minimis* injury.

Viewing the evidence in the light most favorable to Owens, the Court concludes that Owens has put forth enough evidence for a jury to determine that his physical injuries were more than *de minimis*. The Court therefore finds Owens' claim for mental and emotional injuries is not barred by § 1997e(e). The Court therefore adopts Judge Langstaff's Recommendation as to Defendants' Motion for Summary Judgment as to Owens' damages claims for mental and emotional suffering.

## IV.    Owens' Claim for Nominal Damages

Finally, Defendants argue that since Owens' complaint does not explicitly demand nominal damages, Defendants should be granted summary judgment on such a claim. (Doc. 97 at 11.) The Court adopts Judge Langstaff's determination that Owens' *pro se* complaint can and should be "liberally construed to include a request for nominal damages arising out of the alleged constitutional violation" and denies Defendants' Motion for Summary Judgment as to Owens' claim for nominal damages. (Doc. 90 at 13 n.3 (citing *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009)).)[2]

---

[2] Because the Court herein denies Defendants' Motion for Summary Judgment in its totality, the Court need not address whether a claim for nominal damages may survive where a prisoner's claims for compensatory and punitive damages have been dismissed; however, the Court notes that the Eleventh Circuit has consid-

## CONCLUSION

The Court herein **OVERRULES** Owens' and Defendants' objections (Docs. 96, 97.) Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 90) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the findings made and conclusions reached herein. Plaintiff Owens' Motion for Summary Judgment (Doc. 72) and Defendants' Motion for Summary Judgment (Doc. 73) are **DENIED**. This matter will be noticed for trial by separate order.

**SO ORDERED**, this 4th day of February, 2016.

/s/ W. Louis Sand
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

ered this issue and determined that a prisoner's claim for nominal damages may survive on its own. *Brooks*, 800 F.3d at 1298 (11th Cir. 2015).